*460
 
 By the Court.
 

 This action in the court of common pleas was one to recover the sale price of personal property — seed wheat and fertilizer — the amount involved being $317. The action was commenced in Hardin county, where the sellers of the property resided and where one of the defendants resided. All of the other defendants, said to be jointly liable with the one residing in Hardin county, lived in Allen county, where they wlere served with summons. The plaintiff in error here, H. P. Maus, is one of the defendants who resided in Allen county. Upon being served with summons, the plaintiff in error forthwith filed a motion in the action in Hardin county, asking that the court order the plaintiffs in that action to make their petition more definite and certain in several respects. That motion was later overruled.
 

 Each and all of the defendants in the action filed separate answers, which were in substance general denials of the allegations of the plaintiff’s petition. The defendant residing in Hardin county, in addition to filing a general denial, alleged in his answer that he had purchased the personal property in question as the agent of the plaintiff in error here, and that as such agent he received the property and disposed of the same upon a farm belonging to the plaintiff in error, and that he had full authority to make the purchase, to receive the property, and to Use the same on the farm mentioned.
 

 The case came on for trial, and the jury returned a verdict in favor of the defendants other than H. P. Maus, and in favor of the plaintiffs against H. P. Maus, and judgment was entered accordingly. Error was prosecuted by Maus to the Court of Ap
 
 *461
 
 peals, and the judgment against him was reversed and the cause remanded for new trial. No error was prosecuted by any of the defendants other than Maus. Upon a retrial of the case, the other defendants were dismissed from the action by reason of the finding in their favor in the first trial. Judgment was again entered against Maus in favor of the defendants in error here. This judgment against Maus was affirmed on error to the Court of Appeals. Maus prosecuted error to this court, where several grounds of error are assigned. Other' errors claimed are that by filing his general denial, Maus had challenged the jurisdiction of the court over his person at his earliest opportunity, and that the finding of the court being in favor of the other defendants, there was no joint action established on which the proceeding in Hardin county could rest, and therefore the judgment was contrary to law. A complete answer to this proposition is found in the fact that when Maus was served with summons in Allen county, he filed in the Hardin county case a motion to make the petition more definite and certain, as stated. The legal effect of this motion was to enter his appearance in the case for all purposes. We see no merit in the claim that the court in Hardin county did not have jurisdiction of the plaintiff in error here.
 

 It was claimed that incompetent evidence was admitted at the trial. We have examined this ground of error, and we find no error in the rulings of the court with respect to the admission of evidence.
 

 The claim is made that the action was a joint action, and that judgment could not -be entered against one party alone. This claim we think is
 
 *462
 
 without merit. The court had power to render judgment against one or more of the defendants, as the evidence in the case might justify.
 

 While this court does not pass on the weight of the evidence, we have examined the record to see if any of the issues were not sustained by any evidence. The record discloses an abundance of evidence, if given credit by the jury, to sustain the alleged fact that the purchaser of the material was in fact the agent of the plaintiff in error here, and possessed full and complete power to purchase the material in question, accept the delivery thereof, and to use the same upon the farm designated by the plaintiff in error.
 

 The court in its charge covered the issues presented in the case very fully and very clearly. We find no error in the record which justifies disturbing the judgment entered. The judgments of the trial and appellate courts will be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.